UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
_____ x

In re:                                              File No. 18-12223-JNF

    The Estate of Joyce Feuerstein,
    Debtor.

_____ x

State of Massachusetts  )
                          :   s.s.
County of Middlesex   )

      JOYCE FEUERSTEIN, being duly sworn, deposes and says as follows —

1. I am the Debtor in the above-captioned proceeding and make this affidavit in support of my motion, pursuant to Section 1305 and Section 1307 of the Bankruptcy Code and Section 13-2,b of the Local Bankruptcy Rules for the State of Massachusetts, for an Order extending by sixty (60) days the time within which I am required to do all debtor requirements under Chapter 13.

2. All of the matters stated herein are true to the best of my knowledge and I make this affidavit based upon personal knowledge of all of the matters asserted herein except for those stated upon information and belief, and those matters I believe to be true.

3. Moreover, my perspective is informed by my being a licensed real estate broker here in Massachusetts with over twenty-five (25) years of experience buying and selling real property, leasing both commercial and residential property, and financing real estate transactions both through commercial banks and so-called mortgage brokers.

4. **Basis for Request for the Extension** — As it now stands, I understand that I have only thirty (30) days from the date of filing the underlying petition — June 13th, 2018 — to complete any and all dispositions of whatever real property is part of my estate.

5. That limited period is insufficient for me to complete the sale of a condominium that is part of the estate and whose sale I expect to exceed by a factor of ten (10), the mortgage on the property, which mortgage is presently in default.

6. As will be explained below in detail, the 30-day period is insufficient time, given the usual requirements for any real estate transaction, no less one made while in bankruptcy, to be completed; hence the instant request.

7. *Huron Avenue Condominium* — Among the assets in my bankruptcy estate is the real property located at 598—600 Huron Avenue (the "Huron Avenue property") in Cambridge, Massachusetts, a three-family home.

8. Title to this property is held by a condominium corporation, "598-600 Huron Ave Condominium Trust", and I personally hold title to two (2) of the three (3) units, Unit No. 1, which is 45.43 percent of the condominium and which serves as my residence for myself and my two children, and Unit No. 3, which is 31.07 percent of the condominium and is currently leased throught December 31st, 2018.

9. I am currently courting a buyer for the sale of Unit No.3, for some Five Hundred Ten Thousand Dollars ($510,000.00) *subject*, of course, *to an assessment* of the property and completion of any repairs as might be necessary or appropriate to satisfy the buyer of the property's good condition.

10. And Unit No. 3 has, since February 9th, 2018, been listed for sale on the Multiple Listing Service (MLS# 72279598) by Arthur M.Graham Real Estate, in Cambridge, Massachusetts, for Five Hundred Ten Thousand Dollars ($510,000.00).

11. If the buyer's offer is accepted, and I would certainly accept it, this amount would be more than sufficient to repay the mortgage default and bring that loan current.

12. *Outstanding Mortgage* — At present, the bank holding the mortgage on condominium Unit No. 3, Middlesex Federal Savings Bank ("Middlesex Federal"), in Somerville, has brought a foreclosure proceeding due to a default on the mortgage, a default that is among the most significant factors in my having filed the bankruptcy petition.

13. According to a letter, dated June 11, 2018, from Middlesex Federal, the total amount of the mortgage on the Huron Avenue property is Forty-Four Thousand Two Hundred Seventy-Nine Dollars and 46 cents ($44,279,46) — a copy of this letter is attached to this affidavit as Exhibit A — whereas the value of Unit No. 3 is, in my estimate as an experienced real estate broker, at least ten (10) times that amount, that is, not less than Four Hundred Forty-Two Thousand Dollars ($442,000.00).

14. Indeed, the prospective buyer for the unit has been in general agreement to pay almost Seventy Thousand Dollars ($70,000.00) more than that.

15. If Middlesex Federal is permitted to foreclose its mortgage, it is likely to be for no more than the amount of the mortgage, short-changing the debtor's estate by more than Four Hundred Thousand Dollars ($400,000.00), if not more.

16. *An Assessment is Required* — Of course, any offer to purchase is predicated on a builder's assessment of the cost of needed building repairs that are yet to be assessed and that assessment cannot be completed within the 30-day period currently in place.

17. As it happens, I have an appointment set for later today, Wednesday, June 27th with a licensed builder to inspect the property and to complete the assessment no later than the end of the day on Tuesday, July 3rd.

18. Although that date is beyond the 30-day period, the assessment should list and detail whatever repair costs will be necessary for the buyer to proceed with the purchase.

19. Following delivery of the assessment report to the buyer, the buyer would agree to present me with an Offer to Purchase just five (5) days later, that is, by the end of the day on Monday, July 9th, another date beyond the 30-day period subject, of course, to my completing whatever repairs the assessment suggests should be done prior to sale.

20. Once I have accepted the buyer's offer, I would expect to file with the bankruptcy court, *not later than* Wednesday, July 11th, a motion for leave of court for permission to proceed with the sale of Unit No. 3.

21. As much as I am hopeful that the assessment and sale might be completed within the time frame discussed above, realistically I know that, even under the best of circumstances, sometimes delays occur and proposed dates need to be pushed back to accommodate questions that develop or problems that arise.

22. Since I do not want to be without some "wiggle room" in the event of some unanticipated problem or question that needs be resolved, and in order to complete whatever repairs or maintenance the assessment suggests are necessary or appropriate, I believe the sale itself might not be completed until a date some forty-five (45) days from the date of an accepted offer, that is, Monday, August 27th, again, a date well beyond the 30-day period to which I am presently subject.

23. **Contingency Plan** — In the event that I do not receive a satisfactory offer on the Huron Avenue property by Monday, July 9th, to I would then immediately file a motion for leave of Court to sell unit No. 4 in the building located at 456 Beacon Street (the "Beacon Street property"), in Boston, another condominium property that is part of the debtor's estate for my interest in it.

24. This condominium is currently in Suffolk Probate Court as part of The Estate of Felix E. Feuerstein, and my share of this condominium is 11.7 percent of the 456 Beacon Street Condominium Trust.

25. Upon information and belief, the Beacon Street property is worth not less than Six Hundred Fifty Thousand Dollars ($650,000.00) and its sale, too, would be more than enough entirely to redeem the Huron Avenue condominium from Middlesex Federal.

26. Moreover, I will be listing the Beacon Street property, before the week is out, with another licensed real estate agent, Joan Solomont; Coldwell Banker Residential Brokerage Brookline, MA , rather than marketing it on my own, so that, should it be necessary to sell that property to satisfy the Middlesex Federal mortgage, the sale will be done *independently* of my interest in it and of my having filed the underlying bankruptcy petition.

27. Under the circumstances, I would accept any offer greater than Six Hundred Twenty Five Thousand Dollars ($625,000.00) simply in order to satisfy in full the defaulted mortgage held by Middlesex Federal on the Huron Avenue property.

WHEREFORE, I respectfully request that this Court grant in its entirely the instant motion for a 60-day extension of the time within which I must procure a sale to relieve my mortgage default, and that the Court grant me all such other, further, and different relief as it deems just and proper in these circumstances.

/s/ Joyce Feuerstein

U.S. BANKRUPTCY COURT
2018 JUN 26  P 4:57